NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR SALINAS, | No. 17-17154 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-06336-HRL |
| v. | |
| PALO ALTO UNIVERSITY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted May 15, 2018[***]

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges

Oscar Salinas appeals pro se from the district court's judgment in his

diversity action alleging state law claims related to his dismissal from Palo Alto

University's clinical psychology doctoral program. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Trunk v. City of San Diego*, 629 F.3d 1099, 1105 (9th Cir. 2011) (cross-motions for summary judgment); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004) (dismissal for failure to state a claim). We affirm.

The district court properly granted summary judgment on Salinas's contract claims because Salinas failed to raise a genuine dispute of material fact as to whether Palo Alto University breached a contractual duty or whether Palo Alto University's actions were arbitrary and capricious. *See Paulsen v. Golden Gate Univ.*, 602 P. 2d 778, 781 (Cal. 1979) (setting forth deferential standard of review for a university's academic decisions); *Banks v. Dominican Coll.*, 42 Cal. Rptr. 2d 110, 115 (Ct. App. 1995) ("An essential element of all claims . . . which seek to challenge an academic decision of a private university, is proof that the decision was arbitrary and capricious, because it was not based upon any discernible legitimate, rational basis.").

The district court properly granted summary judgment on Salinas's California Education Code Section 94367 claim because Salinas failed to raise a genuine dispute of material fact as to whether Palo Alto University subjected Salinas to disciplinary sanctions or whether Salinas was dismissed solely on the basis of speech protected under the statute. *See* Cal. Educ. Code § 94367(a); *Yu v. U. of La Verne*, 126 Cal. Rptr. 3d 763, 772 (Cal. App. 2011) (purpose of statute "to

17-17154

prohibit private universities from punishing students solely for engaging in speech.").

The district court properly dismissed Salinas's conspiracy claims because the agent's immunity rule bars such claims. *See Black v. Bank of Am.*, 35 Cal. Rptr. 2d 725, 727 (Ct. App. 1994) ("It has long been the rule in California that agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Salinas's request for access to personal information of former patients because Salinas failed to show that the denial caused actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's decision to deny discovery will not be disturbed unless there is a clear showing that the denial "results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject as meritless Salinas's contentions that his dismissal from the university was disciplinary, that he was denied due process, or that evidence was improperly destroyed.

We do not consider matters not specifically and distinctly raised and argued

17-17154

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-17154